IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| WILLIAM MALIN | : |
| | : Civil Action Number: |
| Plaintiff, | : |
| | : |
| vs. | : Jury Trial Demanded |
| | : |
| ENDEAVOR TELECOM, INC. | : |
| | : |
| Defendant. | : |

**COMPLAINT**

Plaintiff William Malin, by and through the undersigned counsel, brings this Complaint against Defendant Endeavor Telecom, Inc. and pleads as follows:

**INTRODUCTION**

1.

Plaintiff brings this action under the Fair Labor Standards Act of 1938 (as amended) (29 U.S.C. § 201 et.seq.), herein after "the FLSA" to (1) recover the overtime pay that was denied him and an additional amount as liquidated damages; and (2) for his costs of litigation, including his reasonable attorneys' fees.

- 1 -

2.

In addition to his federal causes of action, Plaintiff asserts pendent state law claims which arise out of the same set of operating facts as his federal claims. These are (1) breach of contract, (2) quantum meruit and (3) promissory estoppel.

## JURISDICTION AND VENUE

3.

This Court has subject matter jurisdiction over the present action under Article III, § 2 of the United States Constitution, FLSA §16(b), 29 U.S.C. § 216(b), 28 U. S.C §§ 1331 and 1337, because this case arises under the FLSA, a federal statute that affects interstate commerce.

4.

This Court has supplemental jurisdiction over Plaintiff's state law claims set forth herein arising under Georgia law in accord with 28 U.S.C. §1367 because the state law claims are so related to the federal claims that they form part of the same case or controversy.

5.

Venue properly lies in the Northern District of Georgia under 28 U.S.C. § 1391 because Defendant Endeavor Telecom, Inc. is located in this judicial district.

## THE PARTIES

6.

Plaintiff resides within Dekalb County, Georgia.

7.

Defendant employed Plaintiff as a Field Engineer from September 9, 2010 until February 23, 2011.

8.

From on or about September 9, 2010 until February 23, 2011, Plaintiff was an "employee" of Defendant as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

9.

From on or about September 9, 2010 until February 23, 2011, Plaintiff was "engaged in commerce" as defined in FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

10.

Defendant is a corporation organized under the laws of the State of Georgia.

11.

At all times material hereto, Defendant has been an "employer" as defined in FLSA § 3(d), 29 U.S.C. §203(d).

12.

At all time material hereto, Defendant has been an "enterprise engaged in commerce" as defined in FLSA § 3(s)(1)(A), 29 U.S.C. § 203(s)(1)(A).

13.

Defendant is subject to the personal jurisdiction of this Court.

14.

Defendant may be served with process through its registered agent, Corporation Service Co., 40 Technology Parkway S., Norcross, Georgia 30092.

## COUNT I — FAILURE TO PAY OVERTME

15.

The allegations in all previous paragraphs above are incorporated by reference as if fully set out in this paragraph.

16.

Defendant classified Plaintiff as an independent contractor.

17.

Defendant prohibited Plaintiff from employing or contracting with others in order to fulfill his responsibilities to Defendant.

18.

Plaintiff did not perform services for any other person or entity during the time he worked for Defendant.

19.

Defendant gave Plaintiff specific instructions as to when and where he was to perform services on behalf of Defendant.

20.

Defendant closely supervised Plaintiff by electronic mail and by calls to an automated check-in and check-out system.

21.

Defendant controlled the time, manner and means of Plaintiff's work on its behalf.

22.

Defendant's core business is installation of communication equipment at client locations.

23.

Defendant improperly classified Plaintiff as an independent contractor.

24.

At all times material hereto, Plaintiff was an employee covered by the FLSA and entitled to the overtime protections set forth in FLSA § 7(a), 29 U.S.C. § 207(a).

25.

During his relationship with Defendant, Plaintiff regularly worked in excess of forty (40) hours each week.

26.

Defendant failed to pay Plaintiff at one and one half times his regular rate for work in excess of forth (40) hours in any week from September 9, 2010 through February 23, 2011.

27.

Defendant willfully failed to pay Plaintiff at one and one half times his regular rate for work in excess of forty (40) hours in any week from September 9, 2010 through February 23, 2011.

28.

Plaintiff is entitled to payment of overtime in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

29.

As a result of the underpayment of overtime compensation as alleged above, Plaintiff is entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

30.

As a result of the underpayment of overtime compensation as alleged above, Plaintiff is entitled to his litigation costs, including his reasonable attorney's fees in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

## COUNT II – BREACH OF CONTRACT

31.

The allegations contained in Paragraphs above are incorporated by reference as if fully set out in this Paragraph.

32.

Plaintiff and Defendant were parties to a contract of employment (hereafter "the Contract") from on or about September 9, 2010 through February 23, 2011.

33.

The Contract provided that Defendant would pay Plaintiff for work that was performed by Plaintiff on behalf of and for the benefit of Defendant.

34.

Defendant's failure to pay Plaintiff for all work performed constitutes a material breach of the Contract.

35.

As the direct and foreseeable result of this breach, Plaintiff has sustained and continues to sustain damages in an amount to be proved at trial.

## COUNT III – QUANTUM MERUIT

36.

The allegations contained in Paragraphs above are incorporated by reference as if fully set out in this Paragraph.

37.

From on or about September 9, 2010 through February 23, 2011, Plaintiff served as a Field Engineer for Defendant.

38.

Plaintiff's service as a Field Engineer for Defendant as described above was valuable to Defendant.

39.

Defendant requested Plaintiff's service as a Field Engineer.

40.

Defendant knowingly accepted Plaintiff's service as a Field Engineer.

41.

The receipt of Plaintiff's services as a Field Engineer for Defendant without compensation would be unjust.

42.

Plaintiff expected to be compensated at the time he provided his services as a Field Engineer.

43.

Plaintiff is entitled to a recover from Defendant the reasonable value of the services he provided as a Field Engineer for Defendant that he was not correctly paid for, in an amount to be determined at trial.

## COUNT IV - PROMISSORY ESTOPPEL

44.

The allegations contained in Paragraphs above are incorporated by reference as if fully set out in this Paragraph.

45.

On September 9, 2010, Defendant promised to pay Plaintiff in return for Plaintiff's service as a Field Engineer for them.

46.

Defendant should have reasonably expected that Plaintiff would induce action in reliance of said promise, i.e., serve as a Field Engineer for Defendant.

47.

Defendant's promise induced Plaintiff to act in reliance thereof, i.e., to serve as a Field Engineer for Defendant, to his detriment.

48.

Plaintiff's service as a Field Engineer for Defendant conferred a benefit on Defendant.

49.

Defendant failed to pay Plaintiff in accordance with its promise.

50.

Plaintiff relied on Defendant's promise.

51.

Plaintiff's reliance on Defendant's promise was reasonable.

52.

Justice can only be avoided by enforcement of Defendant's promise.

53.

Plaintiff is entitled to a recover from Defendant the reasonable value of the services he provided as a Field Engineer for Defendant, in an amount to be determined at trial.

WHEREFORE, Plaintiff respectfully prays:

1. That Plaintiff's claims be tried before a jury;

2. As to Count I, that Plaintiff be awarded an amount to be determined at trial against Defendant in unpaid overtime compensation due under the FLSA, plus an additional like amount in liquidated damages;

3. That Plaintiff have and recover judgment against Defendant for the pendent State claims herein asserted in amounts to be proved at trial;

4. That Plaintiff be awarded costs of litigation, including his reasonable attorneys' fees from Defendant; and

5. For such other and further relief as the Court deems just and proper.

Respectfully submitted,

DELONG CALDWELL BRIDGERS & FITZPATRICK, LLC

| */s/ KEVIN D. FITZPATRICK, JR.* | */s/ CHARLES R. BRIDGERS* |
|---|---|
| KEVIN D. FITZPATRICK, JR. | CHARLES R. BRIDGERS |
| GA. BAR NO. 262375 | GA. BAR NO. 080791 |
| 3100 CENTENNIAL TOWER | 3100 CENTENNIAL TOWER |
| 101 MARIETTA STREET | 101 MARIETTA STREET |
| ATLANTA, GEORGIA 30303 | Atlanta, Georgia 30303 |
| (404) 979-3171 | (404) 979-3150 |
| (404) 979-3170 (f) | (404) 979-3170 (f) |
| kevin.fitzpatrick@dcbflegal.com | charlesbridgers@dcbflegal.com |
| COUNSEL FOR PLAINTIFF | COUNSEL FOR PLAINTIFF |

# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **WILLIAM MALIN** | : |
| | : **Civil Action Number:** |
| Plaintiff, | : |
| | : |
| vs. | : **Jury Trial Demanded** |
| | : |
| **ENDEAVOR TELECOM, INC.** | : |
| | : |
| | : |
| Defendant. | : |

## <u>CERTIFICATE OF COUNSEL</u>

Pursuant to Local Rule 7.1, N.D.Ga., the above signatory attorney certified that this pleading was prepared with New Century Schoolbook (13 point), one of the fonts and point selections approved by the Court in local Rule 5.1 B, N.D.Ga.

**DELONG, CALDWELL, BRIDGERS & FITZPATRICK, LLC**

*/s/ Charles R. Bridgers*
Georgia Bar No. 080791
Charles R. Bridgers

Counsel for Plaintiff