IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| WILLIAM MALIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) CASE NO. 1:11-CV-01553-JOF |
| vs., | ) |
| | ) |
| ENDEAVOR TELECOM, INC., | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

## ANSWER AND ADDITIONAL DEFENSES

Defendant Endeavor Telecom, Inc. ("Defendant"), by and through counsel, hereby files its Answer and Additional Defenses[1] to Plaintiff William Malin's ("Plaintiff") Complaint in this matter as follows:

## ANSWER

### INTRODUCTION

1. Defendant admits that Plaintiff alleges violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), but denies that any actions or omissions giving rise to a cause of action occurred or that Plaintiff is entitled to recover any relief.

---

[1] The Parties previously agreed to an answer deadline of March 23, 2012.

2.	Defendant admits that Plaintiff alleges state law claims for breach of contract, quantum meruit, and promissory estoppel, but denies that any actions or omissions giving rise to a cause of action occurred or that Plaintiff is entitled to recover any relief.

## JURISDICTION AND VENUE

3.	Defendant admits that the Court has subject matter jurisdiction over Plaintiff's FLSA claim, but denies that any actions or omissions giving rise to a cause of action occurred or that Plaintiff is entitled to recover any relief.

4.	Defendant admits that the Court has discretion to exercise supplemental jurisdiction over Plaintiff's state law claims, but denies that any actions or omissions giving rise to a cause of action occurred or that Plaintiff is entitled to recover any relief.

5.	Defendant admits that venue is proper, but denies that any acts or omissions giving rise to a cause of action occurred or that Plaintiff is entitled to recover any relief.

## THE PARTIES

6.	Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 6, and therefore denies the same.

7. Defendant denies the allegations contained in Paragraph 7.

8. The allegations contained in Paragraph 8 are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 8.

9. The allegations contained in Paragraph 9 are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 9.

10. Defendant admits the allegations contained in Paragraph 10.

11. The allegations contained in Paragraph 11 are legal conclusions to which no response is required. To the extent a response is required, Defendant denies that it employed Plaintiff.

12. The allegations contained in Paragraph 12 are legal conclusions to which no response is required. To the extent a response is required, Defendant denies that it employed Plaintiff.

13. Defendant admits the allegations contained in Paragraph 13.

14. Defendant admits the allegations contained in Paragraph 14.

## COUNT I – FAILURE TO PAY OVERTIME

15. Defendant incorporates its Answers in Paragraphs 1 through 14 as if set forth in full herein.

16. Defendant admits the allegations contained in Paragraph 16.

17. Defendant denies the allegations contained in Paragraph 17.

18. Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 18, and therefore denies the same.

19. Defendant denies the allegations contained in Paragraph 19.

20. Defendant denies the allegations contained in Paragraph 20.

21. Defendant denies the allegations contained in Paragraph 21.

22. Defendant denies the allegations contained in Paragraph 22.

23. Defendant denies the allegations contained in Paragraph 23.

24. The allegations contained in Paragraph 24 are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 24.

25. Defendant denies the allegations contained in Paragraph 25.

26. Defendant admits only that it paid Plaintiff pursuant to and consistent with the Parties' Independent Contractor Agreement. Defendant denies the remaining allegations contained in Paragraph 26.

27. Defendant denies the allegations contained in Paragraph 27.

28. Defendant denies the allegations contained in Paragraph 28.

29. Defendant denies the allegations contained in Paragraph 29.

30. Defendant denies the allegations contained in Paragraph 30.

## COUNT II – BREACH OF CONTRACT

31. Defendant incorporates its Answers in Paragraphs 1 through 30 as if set forth in full herein.

32. Defendant denies the allegations contained in Paragraph 32.

33. Defendant denies the allegations contained in Paragraph 33.

34. Defendant denies the allegations contained in Paragraph 34.

35. Defendant denies the allegations contained in Paragraph 35.

## COUNT III – QUANTUM MERUIT

36. Defendant incorporates its Answers in Paragraphs 1 through 35 as if set forth in full herein.

37. Defendant admits only that the Parties entered into a written Independent Contractor Agreement and that Plaintiff performed services and was paid pursuant to that Agreement. Defendant denies the remaining allegations contained in Paragraph 37.

38. Defendant admits only that the Parties entered into a written Independent Contractor Agreement and that Plaintiff performed services and was

paid pursuant to that Agreement. Defendant denies the remaining allegations contained in Paragraph 38.

39. Defendant admits only that the Parties entered into a written Independent Contractor Agreement and that Plaintiff performed services and was paid pursuant to that Agreement. Defendant denies the remaining allegations contained in Paragraph 39.

40. Defendant admits only that the Parties entered into a written Independent Contractor Agreement and that Plaintiff performed services and was paid pursuant to that Agreement. Defendant denies the remaining allegations contained in Paragraph 40.

41. Defendant denies the allegations contained in Paragraph 41.

42. Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 42, and therefore denies the same.

43. Defendant denies the allegations contained in Paragraph 43.

## COUNT IV – PROMISSORY ESTOPPEL

44. Defendant incorporates its Answers in Paragraphs 1 through 43 as if set forth in full herein.

45. Defendant admits only that the Parties entered into a written Independent Contractor Agreement and that Plaintiff performed services and was paid pursuant to that Agreement. Defendant denies the remaining allegations contained in Paragraph 45.

46. Defendant admits only that the Parties entered into a written Independent Contractor Agreement and that Plaintiff performed services and was paid pursuant to that Agreement. Defendant denies the remaining allegations contained in Paragraph 46.

47. Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 47, and therefore denies the same.

48. Defendant admits only that the Parties entered into a written Independent Contractor Agreement and that Plaintiff performed services and was paid pursuant to that Agreement. Defendant denies the remaining allegations contained in Paragraph 48.

49. Defendant denies the allegations contained in Paragraph 49.

50. Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 50, and therefore denies the same.

51. Defendant denies the allegations contained in Paragraph 51.

52. Defendant denies the allegations contained in Paragraph 52.

53. Defendant denies the allegations contained in Paragraph 53.

54. Answering Plaintiff's unnumbered "WHEREFORE" Paragraph, Defendant denies that Plaintiff is entitled to any of the relief specified therein, or to any other relief.

55. Except as expressly admitted above, Defendant denies the allegations in Plaintiff's Complaint.

## ADDITIONAL DEFENSES

1. Plaintiff's Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

2. Plaintiff's claims are barred in whole or in part to the extent the exemptions, exclusions, exceptions, or credits provided in Section 7 of the FLSA, 29 U.S.C. § 207 apply to his claims, including, but not limited to, Section 7(e) of the FLSA.

3. Plaintiff's claims are barred in whole or in part to the extent that the work performed falls within the exemptions provided for in Section 13 of the FLSA, 29 U.S.C. § 213.

4. Plaintiff's claims are barred in whole or in part to the extent the work performed brought him within the purview of the motor carrier exemption provided for in Section 13(b)(1) of the Fair Labor Standards Act, as amended, 29 U.S.C. § 213(b)(1).

5. Plaintiff's claims are barred by the provisions of Section 4 of the Portal-to-Portal Act, 29 U.S.C. § 254, as to all hours during which Plaintiff was engaged in (i) walking, riding, or traveling to the actual places he performed his principal activities; or (ii) in activities which were preliminary or postliminary to his principal activities.

6. Plaintiff's claims are barred in whole or in part to the extent any relief is sought beyond the two-year limitations period set forth in Section 6(a) of the Portal-to-Portal Act, 29 U.S.C. § 255(a).

7. Plaintiff's claims are barred in whole or in part by the provisions of Section 10 of the Portal-to-Portal Act, 29 U.S.C. § 259 to the extent actions taken in connection with Plaintiff's compensation were done in good faith in conformity with and in reliance upon written administrative regulations, orders, rulings, approvals, interpretations, and written and unwritten administrative practices or enforcement policies of the Administrator of the Wage and Hour Division of the United States Department of Labor.

8. Plaintiff's claims are barred in whole or in part by the provisions of Section 11 of the Portal-to-Portal Act, 29 U.S.C. § 260 because any acts or omissions giving rise to this action were done in good faith and with reasonable grounds for believing that the acts or omissions were not a violation of the FLSA.

9. Plaintiff's claims are barred in whole or in part by the doctrine of *de minimis non curat lex*.

10. Plaintiff's claims are barred in whole or in part by the doctrine of accord and satisfaction.

11. Plaintiff's claims are barred in whole or in part because Plaintiff failed to fulfill the conditions precedent and/or subsequent to enforcement of any contract.

12. Plaintiff's claims are barred in whole or in part because Plaintiff's breach excused any duty of further performance.

13. Plaintiff's claims are barred in whole or in part by the doctrine of unclean hands, laches, estoppel, and/or waiver as to both the substantive claims and any other remedies available to him.

14. Plaintiff's entitlement to damages, if any, is offset by money owed to Defendant by Plaintiff.

15. Plaintiff's claims for monetary relief are barred to the extent that Plaintiff has failed to mitigate asserted damages.

**WHEREFORE**, having fully answered Plaintiff's Complaint and having raised additional defenses thereto, Defendant respectfully requests that the Court dismiss this action in its entirety and with prejudice, and award Defendant the costs and attorneys' fees incurred in defending this action and any other relief in law and equity that the Court deems just and proper under the circumstances.

This 23rd day of March, 2012.

                                                                       Respectfully submitted,

                                                                       */s/ Matthew R. Simpson*
                                                                       Tillman Y. Coffey
                                                                       Georgia Bar. No. 173070
                                                                       Matthew R. Simpson
                                                                       Georgia Bar. No. 540260
                                                                       FISHER & PHILLIPS LLP
                                                                       1075 Peachtree Street, NE
                                                                       Suit 3500
                                                                       Atlanta, Georgia 30309
                                                                       (404) 231-1400 (Telephone)
                                                                       (404) 240-4249 (Facsimile)
                                                                       *tcoffey@laborlawyers.com*
                                                                       *msimpson@laborlawyers.com*

                                                                       COUNSEL FOR DEFENDANT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| WILLIAM MALIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CASE NO. 1:11-CV-01553-JOF |
| vs., | ) |
| | ) |
| ENDEAVOR TELECOM, INC., | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of March 2012, I electronically filed the foregoing DEFENDANT'S ANSWER AND ADDITIONAL DEFENSES with the Clerk of the Court using the CM/ECF system which will automatically send e-mail notification of such filing to the following attorney of record:

> Kevin D. Fitzpatrick
> kevin.fitzpatrick@dcbflegal.com
> Charles R. Bridgers
> charlesbridgers@dcbflegal.com
> DeLong Caldwell Bridgers & Fitzpatrick, LLC
> 3100 Centennial Tower
> 101 Marietta Street
> Atlanta, Georgia 30303

>> */s/ Matthew R. Simpson*
>> Matthew R. Simpson
>> Georgia Bar No. 540260

12